UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **DUNCAN E. HICKS**<br>    LA. DOC #402402<br>VS. | CIVIL ACTION NO. 3:13-cv-2372<br><br>SECTION P<br><br>JUDGE ROBERT G. JAMES |
| **TIM KEITH, WARDEN** | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* petitioner Duncan E. Hicks, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* (28 U.S.C. §2254) on July 26, 2013. Petitioner attacks his 1998 conviction for armed robbery and the 10-year hard labor sentence imposed on December 10, 2008 by the Fourth Judicial District Court, Ouachita Parish, under Docket No. 97-F-1621. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636, Rule 10 of the Rules Governing Section 2254 Cases in the District Court, and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed Second and Successive and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

*Statement of the Case*

Petitioner was arrested and charged with armed robbery of the Central Bank in Monroe on October 3, 1997. Sometime in September 1998 petitioner pled guilty pursuant to a plea agreement which set a sentencing cap of 20 years and provided for a recommendation of leniency conditioned upon petitioner's cooperation with the police and the Federal Bureau of Investigation

regarding the prosecution of his co-defendants. A pre-sentence investigation was ordered and sentencing was scheduled for February 9, 1999.

However, on January 19, 1999 petitioner escaped from jail. He fled Louisiana and was arrested on January 27, 1999 in Nashville, Tennessee following another bank robbery in that city. Petitioner was charged in federal court with aiding and abetting armed bank robbery and using a firearm during a crime of violence. On July 13, 1999 petitioner pled guilty to those charges in the United States District Court for the Middle District of Tennessee. Consecutive sentences of 46 and 84 months were imposed on December 1, 1999. *United States of America v. Duncan Edward Hicks*, No. 3:99-cr-00016 (M.D. Tenn.). Petitioner did not appeal, or collaterally attack these convictions and sentences.

Petitioner served his federal sentence in the custody of the Bureau of Prisons. Sometime in October 2008 he completed his federal sentence and was transported back to Louisiana. On December 10, 2008 a sentencing proceeding was convened; counsel for the petitioner objected to the imposition of sentence based on untimeliness. The objection was overruled and petitioner was ordered to serve ten years at hard labor with credit for time served from the date of his arrest until the date of his escape. The charge of simple escape which had been lodged against petitioner was dismissed. On January 6, 2009, petitioner filed a motion to reconsider and a motion to quash the sentence; a supplemental motion was filed on January 30, 2009. Petitioner argued that the delay in sentencing caused him injury, was unjustified, unreasonable, and unconstitutional. On May 21, 2009, a hearing on petitioner's motion was convened and denied.

Counsel was appointed and petitioner appealed to the Second Circuit Court of Appeals arguing two Assignments of Error – (1) "The lengthy delay in sentencing is unreasonable,

2

unjustified, and unconstitutional; and, (2) The Trial Court erred by imposing an excessive sentence..." On January 27, 2010, the Second Circuit Court of Appeals affirmed petitioner's conviction and sentence. *State of Louisiana v. Duncan Hicks*, 45,001 (La. App. 2 Cir. 1/27/2010), 30 So.3d 1081.

On February 26, 2010, petitioner filed a *pro se* writ application in the Louisiana Supreme Court. In his writ application he argued, "The lengthy delay in sentencing is unreasonable, unjustified, and unconstitutional." Petitioner's writ application was denied without comment by the Louisiana Supreme Court on September 24, 2010. *State of Louisiana v. Duncan E. Hicks*, 2010-0459 (La. 9/24/10), 45 So.3d 1071.

Petitioner filed his first petition for *habeas corpus* in this Court on January 20, 2011. He argued three interrelated claims for relief: (1) "The State of Louisiana violated the petitioner's constitutional right to Due Process. With full knowledge of his whereabouts and unrestricted access to obtain him for sentencing, the State neglected to employ any methods of obtaining the Petitioner for sentencing and ignored all of his requests for the final disposition of the case until after his federal sentence had expired. The 10-year delay disabled the petitioner from petitioning the federal court to run his state federal sentences concurrently while he was still in federal custody and while the prescriptive period was still running; (2) The State of Louisiana has denied the Petitioner his constitutional right to sentencing without unreasonable, purposeful, and oppressive delay. The petitioner asserted his right to speedy trial by requesting final disposition of the detainer lodged against him and  numerous times. The State of Louisiana neglected to obtain him for sentencing until a full 10 years after the institution of prosecution. The record does not reflect any justification for the delay or reason for ignoring the Petitioner's requests; and,  (3)

3

The unreasonable and unjustified 10-year delay in sentencing has caused and subjected the petitioner to many prejudices. The 10-year delay in sentencing prevented the petitioner from: receiving concurrent sentences (mitigating factors show highly likely), enrolling in any educational/ vocational courses programs, partaking in re-entry programs or be assigned to a half-way house, avoiding prejudicial sentencing process, and avoiding the prejudicial denial of his right to speedy sentencing." *See Hicks v. Warden Tim Wilkinson*, No. 3:11-cv-0125 at Doc. 1. On February 14, 2011, the undersigned recommended that the petition be dismissed with prejudice. No. 3:11-cv-0125, Doc. 2. On March 10, 2011, Judge Robert G. James adopted the recommendation and entered a judgment dismissing petitioner's first *habeas corpus* petition with prejudice. No. 3:11-cv-0125, Doc. 3. He did not appeal.

Instead, he returned to the Fourth Judicial District Court where he filed a pro se application for post-conviction relief on May 1, 2011, arguing a denial of due process and equal protection resulted when the State neglected to return him for sentencing in a timely manner; the State also violated his right to a speedy trial and sentencing; and, the trial court exceeded its jurisdiction when it sentenced petitioner after such a lengthy delay. [Doc. 1-3, pp. 14-17] On May 13, 2011, the District Court denied relief having determined that the claims were fully litigated on appeal. [Doc. 1-3, p. 18] Petitioner's writ application [Doc. 1-3, pp. 19-35] was denied by the Second Circuit Court of Appeals on October 20, 2011. *State v. Hicks*, No. 46,933-KH. [Doc. 1-3, p. 19] Petitioner's subsequent writ application and supplemental writ application [Doc. 1-3, pp. 37-65] were denied without comment by the Louisiana Supreme Court on July 27, 2012. *State of Louisiana ex rel. Duncan E. Hicks vs. State of Louisiana*, 2011-2554 (La. 7/27/2012), 93 So.2d 587. [Doc. 1-3, p. 66] Petitioner's request for reconsideration [Doc. 1-3, pp. 67-83] was denied

4

on September 21, 2012. *State of Louisiana ex rel. Duncan E. Hicks v. State of Louisiana*, 2011-2554 (La. 9/21/2012), 98 So.2d 319. [Doc. 1-3, p. 84]

On February 3, 2013, petitioner returned to the Fourth Judicial District Court and filed a second pro se application for post-conviction relief claiming a denial of due process occasioned by the State's neglecting his case for over nine years in order to exact greater punishment; ineffective assistance of counsel; and a violation of his right to equal protection. [Doc. 1-3, pp. 85-91] On March 15, 2013, the trial court considered the merits of his claims and denied relief. [Doc. 1-3, pp. 92-93] His application for writs in the Second Circuit Court of Appeals [Doc. 1-4, pp. 1-47] was denied as time-barred by the provisions of La. C.Cr.P. art. 930.8 on May 23, 2013. *State of Louisiana v. Duncan E. Hicks*, No. 48,379-KH. [Doc. 1-4, p. 48] It is unclear whether or not petitioner sought further review in the Louisiana Supreme Court.

In any event, as noted above, he filed the instant petition for writ of habeas corpus on July 26, 2013. He argues the following claims for relief: (1) denial of the right to counsel; (2) the State violated petitioner's due process rights by purposely and vindictively neglecting his case for over 9 years; (3) he was denied equal protection when his co-defendant was treated in a different manner.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  As previously noted, this is the second petition for *habeas corpus* filed by this petitioner. This petition attacks the same conviction and sentence which was the subject of the first petition.  "[A] prisoner's application is not second or

successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence <u>that was or could have been raised</u> in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id. See also Crone v. Cockrell*, 324 F.3d 833.  Petitioner's claims were either raised in his earlier petition or could have been; his first petition was dismissed with prejudice. Therefore, this petition is successive. Petitioner has not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

  *In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate.  Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

  Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See*, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, September 6, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE